**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RYAN KELLY, EVELYN GONZALEZ, and SCOTT BECK on behalf of themselves and all others similarly situated, *Plaintiffs*, | : | CIVIL ACTION NO.: |
| v. | : | |
| TRIUMPH BREWING COMPANY, *Defendant*. | : | |

**CLASS ACTION COMPLAINT FOR
VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101, ET SEQ.**

Plaintiffs Ryan Kelly, Evelyn Gonzalez, and Scott Beck (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated former employees, bring this Class Action Complaint against Defendant Triumph Brewing Company ("Defendant"), and allege as follows:

**NATURE OF THE ACTION**

1. On or about March 9, 2026, Defendant terminated, without notice, the employment of approximately fifty (50) to sixty (60) employees at its New Hope, Pennsylvania facility.

2. Plaintiffs Ryan Kelly, Evelyn Gonzalez, and Scott Beck (collectively "Plaintiffs") were employed by Defendant until that date and were suddenly terminated without advance notice.

3. Plaintiffs bring this action on behalf of themselves and other similarly situated former employees who were terminated without cause, as part of, or as the foreseeable result of, a plant closing ordered by Defendant and who were not provided sixty (60) days' advance written notice as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 et seq.

4. Plaintiffs and all similarly situated employees seek to recover sixty (60) days' wages and benefits pursuant to the WARN Act.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

6. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5) because the plant closing occurred in New Hope, Pennsylvania.

## THE PARTIES

***Plaintiffs***

7. Plaintiff Ryan Kelly is an adult individual who was employed by Defendant at its New Hope, Pennsylvania location beginning in or around January 2022.

8. Plaintiff Evelyn Gonzalez is an adult individual who was employed by Defendant at its New Hope, Pennsylvania location beginning in or around January 2022.

9. Plaintiff Scott Beck is an adult individual who was employed by Defendant at its New Hope, Pennsylvania location beginning in or around January 2022.

10. Plaintiff Ryan Kelly initially worked as a server and was promoted in or around June 2024 to a salaried Front of House Manager.

11. Plaintiff Evelyn Gonzalez worked as a server and bartender.

12. Plaintiff Scott Beck worked as a bartender.

13. Plaintiffs were terminated on or about March 9, 2026.

***Defendant***

14. Defendant Triumph Brewing Company is a business entity that operates restaurant and brewery locations, including in Pennsylvania and New Jersey.

15. Defendant maintained a facility in New Hope, Pennsylvania at which Plaintiffs and the similarly situated employees worked or reported.

16. Defendant also operated locations in Princeton, New Jersey and Red Bank, New Jersey as part of an integrated business enterprise with centralized ownership, management, and payroll systems.

17. At all relevant times, Defendant employed more than one hundred employees in the aggregate.

18. Upon information and belief, Defendant made the decision to terminate the employment of Plaintiffs and the other similarly situated employees.

19. At all relevant times, Defendant was an "employer" as defined under 29 U.S.C. § 2101(a)(1).

**FACTUAL BACKGROUND**

20. Plaintiffs and the other similarly situated employees worked at or reported to Defendant's New Hope, Pennsylvania facility.

21. The New Hope facility employed approximately fifty to sixty individuals, including a substantial number of full-time employees.

22. On or about March 9, 2026, Defendant ordered the shutdown of the New Hope facility.

23. The shutdown constituted a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2).

24. The closure resulted in employment losses for at least fifty employees within a thirty-day period.

25. Plaintiffs and the Class Members were terminated without cause.

**Lack of Notice**

26. Defendant did not provide Plaintiffs or the Class Members with sixty days' advance written notice of termination.

27. Defendant also failed to provide notice to the Pennsylvania dislocated worker unit and to local government officials.

28. Employees reported to work or prepared for scheduled shifts without knowledge of the closure and were informed of the shutdown only after arriving at the premises or through coworkers.

29. Plaintiffs learned of the termination through communications from coworkers before receiving any formal notice.

**Foreseeability of the Closure**

30. The plant closing was not caused by sudden or unforeseeable business circumstances.

31. In the period immediately preceding the closure, Defendant continued normal and expansion-oriented operations, including hiring new staff, preparing for major promotional events, purchasing substantial quantities of inventory, and booking future business.

32. Upon information and belief, a substantial volume of events had already been booked for the upcoming year at the New Hope facility.

33. The New Hope facility appeared to be a strong-performing location within Defendant's operations with consistent patronage.

34. Defendant's actions demonstrate that it had advance knowledge of the closure.

**WARN CLASS ALLEGATIONS**

35. Plaintiffs bring this claim for relief on behalf of themselves and all other similarly situated former employees pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rule of Civil Procedure 23(a) and 23(b)(3).

36. The proposed class consists of all persons who worked at or reported to Defendant's New Hope, Pennsylvania facility and who were terminated without cause on or about March 9, 2026, or within ninety days of that date as part of or as the reasonably foreseeable consequence of the plant closing.

37. The members of the proposed class are so numerous that joinder is impracticable.

38. The precise number of class members is presently unknown but is believed to be approximately fifty to sixty individuals and is within Defendant's control.

39. Upon information and belief, Defendant maintains records identifying class members and their compensation.

40. Common questions of law and fact exist, including whether class members were employees of Defendant who worked at or reported to the New Hope facility, whether Defendant ordered a plant closing, whether Defendant failed to provide sixty days' advance written notice, and whether Defendant failed to pay class members sixty days' wages and benefits.

41. Plaintiffs' claims are typical of those of the proposed class.

42. Plaintiffs will fairly and adequately protect the interests of the proposed class and have retained counsel experienced in class and employment litigation.

43. Questions of law and fact common to the proposed class predominate over individual issues.

44. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

45. Concentrating these claims in a single forum will conserve judicial resources and avoid inconsistent results.

**CLAIM FOR RELIEF**

46. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

47. At all relevant times, Defendant employed more than one hundred employees who in the aggregate worked at least four thousand hours per week.

48. Defendant ordered a plant closing at the New Hope facility.

49. The plant closing resulted in employment losses for at least fifty employees.

50. Plaintiffs and the Class Members were terminated without cause.

51. Plaintiffs and the Class Members are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

52. Defendant was required to provide at least sixty days' advance written notice of termination.

53. Defendant failed to provide such notice.

54. Plaintiffs and the Class Members are "aggrieved employees" within the meaning of 29 U.S.C. § 2104(a)(7).

55. Defendant failed to pay Plaintiffs and the Class Members their wages, salary, commissions, bonuses, accrued vacation, and benefits for sixty days following their termination.

**JURY DEMAND**

On behalf of themselves, and a class of the Similarly Situated Employees, Plaintiffs demand a trial by jury in this case.

**WHEREFORE**, Plaintiffs, individually and on behalf of all similarly situated persons, request that this Court enter judgment in their favor and against Defendant as follows:

a. Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 and the WARN Act;

b. Designation of Plaintiffs as Class Representatives and appointment of Plaintiffs' counsel as Class Counsel;

c. An award of damages in the amount of sixty days of wages, salary, commissions, bonuses, accrued vacation pay, accrued paid time off, and the value of all employee benefits, including health insurance and retirement contributions, that would have been provided during the sixty-day period following termination, as provided by the WARN Act;

d. An award of prejudgment interest as allowed by law;

e. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2104(a)(6);

f. Such other and further relief as the Court deems just and proper.

Dated: October 14, 2026

By: *<u>/s/ Howard Langer</u>*
Howard Langer (PA Id. 25403)
hlanger@langergrogan.com
LANGER GROGAN & DIVER P.C.
1717 Arch Street, Suite 4020
Philadelphia, PA 19103
Tel: (215) 320-5660
Fax: (215) 320-5703

By: *<u>/s/ Giselle Gutierrez</u>*
Giselle Gutierrez (*pro hac vice* forthcoming)
Giselle@ExG-Law.com
Patricia A. Fors (*pro hac vice* forthcoming)
Patricia@ExG-Law.com

EXHIBIT G LAW FIRM, PLLC
2030 S. Douglas Rd #203
Coral Gables, FL 33134
(305) 340-7066

*Counsel to Plaintiffs and to the Putative Class*